UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VIRGINIA MILANES, OMAR MIGUEL FARFAN,
MANUEL ALBERTO MARTINEZ, ANDRES
GIOVANNY SANCHEZ, NANCY CASTRO, and
MARGOTH PEREZ DE CHALAMPA, on behalf of
themselves and all other similarly situated individuals,

                          Plaintiffs,

          -against-

MICHAEL CHERTOFF, in his official capacity as
Secretary of the Department of Homeland Security,
EMILIO GONZALEZ, in his official capacity as
Director of the United States Citizenship and
Immigration Services, ANDREA QUARANTILLO,
in her official capacity as District Director of the
New York City District of the United States
Citizenship and Immigration Services,
MICHAEL B. MUKASEY, in his official capacity as
Attorney General of the United States, and
ROBERT S. MUELLER, III, in his official capacity as
Director of the Federal Bureau of Investigation,

                          Defendants.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/8/08_

08 CV 2354

(ECF CASE)

**STIPULATION AND
PROTECTIVE ORDER**

          WHEREAS the parties by and through their counsel seek to enter into a Protective Order

pursuant to Fed. R. Civ. P. 26(c) for the purposes of assuring the confidentiality of certain

information that may be disclosed in the course of discovery proceedings.

          IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

          1.     This Protective Order shall apply to all initial disclosures and all future discovery

in this action, or presentations by parties or counsel to or in Court, at depositions, or in other

settings that might reveal information protected under this Protective Order, subject to

modifications in writing by the parties or by the Court.

2.     Any party may designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" any information produced in discovery, whether documentary or electronically stored, which the producing party considers in good faith to contain sensitive, privileged, or other confidential information, and shall mark each relevant page or relevant portion of the page with "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a highly visible manner.  For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.     Any party may designate information disclosed during a hearing, deposition, or other pretrial or trial proceedings as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by so indicating on the record at the hearing or deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party may designate in writing, within twenty days after receipt of the hearing or deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ."  Transcript pages containing material deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" must be separately bound by the court reporter, who must affix to the top of each such page the appropriate marking, as instructed by the party offering or sponsoring the witness or presenting the testimony.

4.     Pursuant to the Court's April 11, 2008 order, the Government will waive the confidential protections of the "Stipulation and Confidentiality Order" and "Supplemental Stipulation and Confidentiality Order" as to documents and information produced in Yakubova v. Chertoff (Yakubova), No. 06 Civ. 3203 (ERK) (RLM) (E.D.N.Y. filed June 28, 2006), that do

not contain information specific to a particular individual, provided that such waiver is limited solely to permit the named plaintiffs in this action ("Plaintiffs") and individuals listed in paragraph 6(a)-(f) of this order to have access to such information for the limited purpose of using it in this litigation and subject to the restrictions of this order. Any information produced in <u>Yakubova</u> marked "HIGHLY RESTRICTED" or "SUBJECT TO PROTECTIVE ORDER" or otherwise designated as "SUBJECT TO PROTECTED ORDER" or "SUBJECT TO SUPPLEMENTAL CONFIDENTIALITY ORDER" is subject to the terms of this Order as if it were designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the provisions hereof.

5.      Any government documents or information produced by Defendants, or portion thereof, that are designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be used by Plaintiffs or any person listed in paragraph 6(a)-(f) to whom such material is properly disclosed only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by Plaintiffs or their representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

6.      Except with the prior written consent of the designating party, or upon prior order of the Court obtained upon notice to the designating party, information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be disclosed by the receiving party to any person other than:

(a)  Plaintiffs and Defendants (including any current employees and agents of Defendants);

3

(b) Counsel of record for the respective parties to this action, including any attorneys, paralegals, translators, or clerical staff employed by a law firm of record that represents the respective parties or their designees;

(c) Experts and consultants retained for the prosecution or defense of this litigation ("Consultant(s)"), provided that each such Consultant shall execute a copy of the Acknowledgment appended to this Order as Exhibit A prior to receiving any information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER";

(d) The Court and its personnel;

(e) Independent court reporters, translators, and their staffs to whom it is reasonably necessary to disclose the information for this litigation, provided that each such person shall execute a copy of the Acknowledgment appended to this Order as Exhibit A prior to receiving any information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; and

(f) Any former employee of Defendants who is a potential deponent or testifying witness for the prosecution or defense of this litigation and to whom it is reasonably necessary to disclose the information for this litigation, provided that each such person shall execute a copy of the Acknowledgement appended to this Order as Exhibit A prior to receiving any information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7.    Filing Material Designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Any pleadings, motions, or other papers disclosing material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be filed under

4

seal. The submitting or filing party shall also file a notice electronically stating that the pleading, motion, or other paper has been filed under seal pursuant to this Order. Any party may make an application to the Court requesting that the material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" be unsealed. The other parties shall have ten (10) business days from service of the application for unsealing in which to oppose the application or the application will be deemed unopposed. If such an application is made, and no opposition is filed within ten (10) business days, the material in question will be unsealed. If such an application is made and an opposition is filed within ten (10) business days, then the material shall remain sealed unless and until the Court grants the application.

8.      Any party to this Protective Order may challenge the designation of a document or information, or portion thereof, as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by moving the Court to have the designation removed. In addition, each party reserves the right to move or modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

(a) Timing of Challenges. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) Meet and Confer. A party who elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In

5

conferring, the challenging party must explain the basis for his or her belief

that the confidentiality designation was not proper and must give the

designating party an opportunity to review the designated material, to

reconsider the circumstances, and, if no change in designation is offered, to

explain the basis for the designation. A challenging party may proceed to the

next stage of the challenge process only if he or she has engaged in this

meet-and-confer process first.

(c) <u>Judicial Intervention.</u> A party who elects to press a challenge to a

confidentiality designation after considering the justification offered by the

designating party may file and serve a motion that identifies the challenged

material and sets forth in detail the basis for the challenge. Each such

motion must be accompanied by a competent declaration that affirms that the

movant has complied with the meet-and-confer requirements imposed in the

preceding paragraph and that sets forth with specificity the justification for

the designation that was given by the designating party in the meet-and-

confer dialogue. The designating party will be given an opportunity to file

papers in opposition to the motion. The burden of persuasion in any such

challenge proceeding shall be on the designating party. Until the Court rules

on the challenge, all parties shall continue to afford the material in question

the level of protection to which it is entitled under the producing party's

designation.

9.    An inadvertent failure to designate qualified information or items as

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not waive the designating

party's right to secure protection under this Order for such material, if the designation is corrected within twenty (20) days after discovered. The designating party shall produce a properly designated copy of such qualified information within twenty (20) days after discovering the inadvertent failure to designate. The receiving party, upon receipt of the properly designated copy, shall destroy all undesignated versions of the same documents or information and shall ensure that the properly designated copy is treated in accordance with the provisions of this Order.

      10.    All provisions of this Order restricting the communication or use of materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by the parties. At the conclusion of the Litigation, the receiving party shall either (a) return all such documents and any copies thereof to the designating party within sixty (60) days; or (b) destroy such documents within sixty (60) days and certify in writing to the designating party that the documents have been destroyed.

      11.    Plaintiffs having served document requests and interrogatories on Defendants; and Defendants having objected to these document requests and interrogatories to the extent that Defendants are prohibited from such production by the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a(b); and it appearing that such disclosure is in the interests of justice (subject to any other objections to disclosure that may exist) and is subject to the provisions of this protective order, to the extent that Defendants object to production of documents or disclosure of information responsive to Plaintiffs' currently pending document requests or interrogatories, or any other information or material sought by Plaintiffs during the course of this action, on the ground that such production is prohibited by the Privacy Act, Defendants' objection on this

ground is overruled and Defendants shall not withhold the requested documents, information or material on this ground. See 5 U.S.C. § 552a(b)(11).

12.    The parties agree that nothing in this Protective Order requires that Defendants produce any information. Defendants do not waive their right to assert that classified national security information, any information subject to a claim of privilege, or any information protected from disclosure by any statutory or regulatory provisions, other than the Privacy Act, cannot be disclosed regardless of the existence of this Order.

13.    This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

14.    For the purposes of this Stipulation and Protective Order, facsimile signatures shall operate as originals.

8

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

May 6, 2008

For Plaintiffs:                                      For Defendants:

                                                     MICHAEL J. GARCIA
                                                     United States Attorney for the
                                                     Southern District of New York

_M. Nat Arboy_                              By: ROBERT WILLIAM YALEN
YISROEL SCHULMAN, ESQ.                               KIRTI VAIDYA REDDY
NEW YORK LEGAL ASSISTANCE GROUP                      Assistant United States Attorneys
Jane Greengold Stevens, of counsel                   86 Chambers Street
Michael D. Sant'Ambrogio, of counsel                 New York, NY 10007
Jason Parkin, of counsel                             Ph:  (212) 637-2722
450 West 33rd St., 11th Floor
New York, NY 10001
Ph.:  (212) 613-5000

PUERTO RICAN LEGAL DEFENSE AND
EDUCATION FUND
Foster Maer
José Perez
Jackson Chin
99 Hudson Street, 14th Floor
New York, New York 10013
Ph. (212) 219-3360

WEIL, GOTSHAL & MANGES LLP
James W. Quinn
Richard W. Slack
Caroline Hickey Zalka
Daniel B. Hodes
767 Fifth Avenue
New York, NY 10153
Ph. (212) 310-8000

IT IS SO ORDERED:

Dated:  5/8/08
_____
United States District Judge

9