UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

VIRGINIA MILANES, <u>et al.</u>,            :

                    Plaintiffs,    :        08 Civ. 2354 (LMM)

          - v -                    :        <u>MEMORANDUM AND ORDER</u>

MICHAEL CHERTOFF, <u>et al.</u>,            :

                    Defendants.    :

------------------------------------x

McKENNA, D.J.,

          Defendants, prompted by discussion before Magistrate
Judge Fox on April 29, 2008, seek clarification of directions given
by the undersigned at a hearing held on April 11, 2008.

          The issue is whether "discovery on plaintiffs'
Administrative Procedure Act ("APA") claims should be limited to
the administrative record pursuant to the usual rule applicable in
APA cases. . . .   It is the Government's understanding that the
Court left this question open for future decision and . . . that
this question is ripe for decision in the first instance by [Judge
Fox]."  (Gov't Letter to Court, May 6, 2008, at 1.)  Defendants
understand Judge Fox to have "advised the parties that he
understood the Court definitively to have determined that discovery
is not per se limited to the administrative record" and that
"[b]ased on this understanding, [he] framed the question before him
not as whether discovery beyond the administrative record was

permissible but as how to resolve any disputes concerning the extent of such discovery."  (Id. at 2.)

As background, the Court in discussing discovery understood that defendants would produce the relevant FBI and USCIS administrative records and the plaintiffs' A files, and that, upon execution and so ordering of the appropriate confidentiality stipulation, plaintiffs would have access to all of the materials produced by the government to the plaintiffs in Yakubova v. Chertoff (06 Civ. 3203) pending in the United States District Court for the Eastern District of New York (with the exception of A files of the plaintiffs in that action).

At the April 11, 2008 hearing, the Court stated its understanding of what an administrative record is:  ". . . the administrative record, as I understand it, would be anything that the agency considered in making whatever determination or rule or whatever it is they made.  But I think it's supposed to include everything they considered."  (Transcript, Apr. 11, 2008, at 5.) "It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before that agency at the time its decision was made." IMS, P.C. v. Alvarez, 129 F.3d 618, 623 (D.C. Cir. 1997) (citations omitted).  "In a challenge to administrative action under the APA, the administrative record cannot normally be supplemented."  NVE, Inc. v. Dep't of Health & Human Services, 436 F.3d 182, 189 (3d

Cir. 2006) (citations omitted).  But there are exceptions to the
normal rule, dependent on varying circumstances.  See, e.g.,
National Audubon Society v. Hoffman, 132 F.3d 7, 15-16 (2d Cir.
1997).  And where, as here, there is a claim that "agency action
[has been] unreasonably delayed," 5 U.S.C. § 706(1), there may well
be reason for discovery, since agency delay is not necessarily a
discrete event resulting from a decision based upon some sort of
administrative record, but may be simply a course of conduct,
after-the-event justifications for which may need to be explored by
plaintiffs.  See Yakubova v. Chertoff, No. 06 Civ. 3203, slip op.
at 7 (E.D.N.Y. Nov. 1, 2006), where Judge Korman, in a very similar
case, allowed discovery.

> The Court also refers to what it said on April 11, 2008:

>> At some point, and you don't have to do it this
>> weekend, but I think next week you ought to meet
>> and confer as suggested to see where the plaintiffs
>> suspect that the administrative records and the A
>> files and the Yakubova thing may be inadequate to
>> this case and may have particular things they think
>> they need, and you discuss those.  I mean, this not
>> binding on anybody, but you can try to see what you
>> can resolve between you in a meet-and-confer.  If
>> not, again, you call up Ken and come in and see me
>> [now, Judge Fox], if you have some particulars.
>> And in the time being, I just won't rule on any of
>> the objections to the Rule 34 requests for
>> interrogatories until you've met and conferred and
>> told me that you can't work things out.

(Transcript, Apr. 11, 2008, at 51.)

> In the context of what has been said, the Court hopes
that the following will clarify the course it expects discovery to

3

take.  First, the Court has neither ruled that <u>all</u> discovery is permissible notwithstanding the normal restrictions on going outside of the administrative record on APA issues, nor left that issue to Judge Fox to rule on as an abstract question.  The administrative record rule is to be respected, but the Court recognizes as well that there may be exceptions in this case as to particular factual issues, not all of which can be foreseen.  The Court expects any party seeking discovery beyond the FBI and USCIS administrative records, the <u>Yakubova</u> production and the A files to show that the discovery it seeks is necessary for a particular reason, <u>e.g.</u>, to fill a gap in an administrative record, or to obtain an explanation, or probe an explanation, for delay. Hopefully, counsel can meet and agree in such cases, but, if not, the issues will be presented to Judge Fox.

SO ORDERED.

Dated:  May /3 , 2008

Lawrence M. McKenna
U.S.D.J.

4