## WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

**MEMO ENDORSED** (p. 4)

RICHARD W. SLACK
DIRECT LINE (212) 310-8017
E-MAIL: richard.slack@weil.com

May 15, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/08

RECEIVED
IN CHAMBERS

MAY 16 2008

LAWRENCE M. McKENNA

**BY HAND**

Honorable Lawrence M. McKenna
United States District Judge
United States District Court
500 Pearl Street, Room 1640
New York, NY 10007

Re:   **Milanes v. Chertoff**, 08 Civ. 2354 (LMM)

Dear Judge McKenna:

Plaintiffs respectfully request that the Court (1) deny Defendants' request to vacate the briefing schedule previously set by the Court and (2) enter a scheduling order to ensure that discovery is completed and the preliminary injunction motion is resolved in an expedited manner that will provide members of the proposed class the opportunity to vote in November if the Court grants them relief. Establishing a schedule now is particularly important so that there are established time frames within which Magistrate Judge Fox can supervise expedited discovery.

On April 11, the Court ordered Defendants to file their motion to dismiss and their opposition to Plaintiffs' motion for preliminary injunction by May 23, 2008. (Transcript of Proceedings (Tr.), 4/11/2008, at 51:22-52:2, attached hereto.) The Court set this deadline in light of the fact that the vast majority of the members of the proposed class are undoubtedly eligible for citizenship and would not be able to vote in November if these proceedings are not expedited. (Id. at 52:6-53:15; see also 50:5-7.) The Court ruled that Plaintiffs should have as much time as they deemed necessary to respond to Defendants' motion to dismiss and opposition to Plaintiffs' preliminary injunction motion, with the understanding that Plaintiffs seek relief for the proposed class as expeditiously as possible. (Id. at 52:3-5.)

WEIL, GOTSHAL & MANGES LLP

Honorable Lawrence M. McKenna
May 15, 2008
Page 2

      Plaintiffs have proposed to Defendants several schedules that would permit the parties to complete discovery and fully brief Plaintiffs' motion and Defendants' motion to dismiss by mid-June. Defendants have rejected all of Plaintiffs' proposals and instead seek to be relieved of the Court's May 23 deadline and further delay the hearing on Plaintiffs' motion. Defendants have provided no reason for this requested delay and their failure to produce documents to Plaintiffs is not a valid reason for <u>Defendants</u> not to adhere to the Court's schedule. It is an untenable argument that Defendants somehow need to produce their <u>own</u> documents (which they ironically refuse to produce, as discussed below) in order to know what to argue in their opposition to the preliminary injunction motion.

      Plaintiffs filed their complaint on March 6, 2008 and filed their motion for preliminary injunction on April 3, 2008. Thus, Defendants have already been provided nearly seven weeks to respond to the motion. In a non-expedited case, granting defendants two additional weeks to respond to a motion would not be an issue. Unfortunately, this case is very different -- time is of the essence. As Defendants have known since the day we filed the case, a key goal of the action is to obtain relief for the thousands of immigrants who have had their naturalization applications delayed for more than six months and wish to vote in the November election. As discussed in greater detail below, it is necessary to have a preliminary injunction hearing in June in order to give Plaintiffs the opportunity to vote in November.

      Defendants have sought to delay this action at every turn. For example, although the Court made it clear that Plaintiffs were entitled to certain discovery outside of the administrative record at the April 11 hearing, Defendants have still not produced a single document outside of the administrative record other than the A-Files and <u>Yakubova</u> materials which were expressly ordered to be produced. Defendants' position on April 11 was that unless there is a defect or gap in the "administrative record" they would not produce documents outside of it. Although the Court ordered the parties to meet and confer about what documents were relevant to the claims and were outside of the administrative record, Defendants took the position -- contrary to the Court's April 11 ruling -- that no documents were required to be produced outside of the administrative record.

      We were forced to raise the issue with Judge Fox. Judge Fox also read Your Honor's April 11 ruling as holding that discovery outside of the administrative record was appropriate. Defendants again refused to produce any documents outside the administrative record and sought to have this Court revisit its previous holding.

      This Court issued a ruling on May 13, 2008 which held that "where, as here, there is a claim that 'agency action [has been] unreasonably delayed'...there may well be reason for discovery, since agency delay is not necessarily a discrete event resulting from a decision based upon some sort of administrative record, but may be simply a course of conduct, after-the-event



WEIL, GOTSHAL & MANGES LLP

Honorable Lawrence M. McKenna
May 15, 2008
Page 3

justifications for which need to be explored by plaintiffs." The Court cited favorably the decision in Yakubova v. Chertoff where "Judge Korman, in a very similar case, allowed discovery." The Court then concluded by stating that: "The Court expects any party seeking discovery outside beyond the FBI and USCIS administrative records, the Yakubova production and the A files to show that the discovery it seeks is necessary for a particular reason, e.g., to fill a gap in the administrative record, or to obtain an explanation, or probe an explanation, for delay."

We met and conferred with Defendants about the Court's Order on May 13. Defendants have taken the position that the Court's order adopts the position they put forward at the April 11 hearing: that only information that is needed to fill the gap in the administrative record need be produced. Defendants ignore the favorable citation to the Yakubova decision and this Court's reference to discovery being appropriate in an "agency delay" case to "obtain an explanation, or probe an explanation, for delay." Although we pointed the government to specific requests that relate to the "agency delay" claims that are relevant to the case, Defendants continue to refuse to produce any documents outside the administrative record absent a showing of "gaps" in their administrative record.

While Magistrate Fox will likely have to rule on the discovery issues in light of Your Honor's May 13 opinion, it is important that the parties have a schedule in place that would allow the case to be heard in time for Plaintiffs to vote by the November election.

A response to the preliminary injunction motion and a hearing date in June is necessary to (a) allow the Court time to issue a ruling; (b) resolve any appeal and any request for a stay; (c) allow time for Defendants to adjudicate Plaintiffs' applications for naturalization which could take up to 120 days; and (d) allow Plaintiffs to become naturalized in time to register by October 10, 2008 to vote in the November election. Unless Defendants guarantee to the Court that they can and will adjudicate all of the applications in a shorter period of time, any preliminary injunction hearing must be held in June.

Therefore, Plaintiffs propose the following schedule keyed off of this Court's earlier ruling that Defendants serve any Motion to Dismiss and any papers opposing Plaintiffs' Motions for Preliminary Injunction and Class Certification no later than **May 23, 2008**. This schedule seeks to ensure that discovery is completed and the preliminary injunction motion is resolved in time to allow Plaintiffs the opportunity to vote in November:

(1) Fact Discovery In Connection with Motion for Preliminary Injunction: completed by **May 27, 2008**.

(2) Expert Disclosures: The parties will disclose any experts and the subject of their testimony by **May 30, 2008**.

WEIL, GOTSHAL & MANGES LLP

Honorable Lawrence M. McKenna
May 15, 2008
Page 4

(3) <u>Deposition of Witnesses</u>: The Parties shall conduct any depositions of fact and expert witnesses for purposes of the Preliminary Injunction hearing by **June 12, 2008**.

(4) <u>Plaintiffs' Opposition to Motion to Dismiss and Reply to Defendants' Opposition to Plaintiffs' Motions</u>: Plaintiffs shall serve their Opposition to Defendants' Motion to Dismiss and reply to Defendants' Opposition to Plaintiffs' Motions for Preliminary Injunction and Class Certification no later than **June 16, 2008**.

(5) <u>Hearing on Motion for Preliminary Injunction</u>: The Parties shall be ready for a hearing on the Motion for Preliminary Injunction on or after **June 18, 2008**.

Plaintiffs respectfully request that the Court adopt this reasonable schedule in light of the irreparable harm that Plaintiffs and the members of the proposed class have been suffering and are likely to suffer without a timely ruling on Plaintiffs' motion for a preliminary injunction. We are available for a conference at the Court's convenience to discuss any of the above.

Respectfully submitted,

Richard W. Slack

RWS:fr
Attachment
cc:  w/ attachment by email:
    Kirti Vaidya Reddy, Esq.
    Robert William Yalen, Esq.
    Foster Maer, Esq.
    Michael D. Sant'Ambrogio, Esq.

*[Handwritten note:]* Defendants' motion for an extension until 6/6/08 to file their opposition to plaintiffs' motion for a preliminary injunction and class certification and defendants' motion for dismissal and remand is granted. The schedule proposed above in this letter is adopted with the exception that each date in it is moved one week into the future. So ordered.

L. McKenna
USDJ 5/19/08