UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VIRGINIA MILANES, *et al.*,

            Plaintiffs,

     v.

MICHAEL CHERTOFF, *et al.*,

            Defendants.
---------------------------------------------------------------x

ECF Case

08 Civ. 2354 (LMM) (KNF)

## DECLARATION OF DAVID J. KEEVIS

I, David J. Keevis, declare pursuant to the provisions of 28 U.S.C. ' 1746 as follows:

1. I am employed by CIBER, Inc., a subcontractor of Computer Sciences Corporation, which in turn is a contractor with U.S. Citizenship and Immigration Service ("USCIS"). I am the Chief Engineer for the CLAIMS 4 database, USCIS's principal work-flow database in which USCIS employees and contractors record the status of applications for naturalization. I have held this position for USCIS or its predecessor agency since December 17, 2001. I submit this declaration to put certain data before the Court.

### *Data Regarding the Named Plaintiffs*

2. Based on my review of the CLAIMS 4 database, I have determined the following concerning the status of the naturalization applications of each of the named plaintiffs:

3. The naturalization application of plaintiff Nancy Castro, A37-640-255, was approved by a naturalization examiner on June 9, 2008, and she is scheduled to take the oath of citizenship on July 3, 2008. Castro initially failed to achieve a passing score on the English-language test required of all naturalization applicants at her first examination on April 7, 2008,

requiring re-examination. She was thereafter reexamined on June 9, 2008, at which time she passed the English test.

4.  The naturalization application of plaintiff Omar Miguel Farfan, A43-662-140, was approved by a naturalization examiner on April 7, 2008, and he took the oath of citizenship on April 25, 2008.

5.  The naturalization application of plaintiff Manuel Alberto Martinez, A76-547-530, was approved by a naturalization examiner on May 6, 2008, and he took the oath of citizenship on June 5, 2008.

6.  The naturalization application of plaintiff Virginia Milanes, A79-721-201, is still pending. CLAIMS 4 indicates that mail sent to Milanes at her address on record in CLAIMS 4 was returned as undeliverable.

7.  The naturalization application of plaintiff Margoth Perez De Chalampa, A55-596-849, was approved by a naturalization examiner on May 12, 2008, and she is scheduled to take the oath of citizenship on July 9, 2008.

8.  The naturalization application of plaintiff Anthony Giovanny Sanchez, A47-136-304, was approved by a naturalization examiner on April 7, 2008, and he took the oath of citizenship on May 2, 2008.

### *Data Regarding New York District Naturalization Applications*

9.  I have also reviewed data concerning those naturalization applications of residents of the counties constituting USCIS's New York District that had been pending 180 days or more as of April 3, 2008. I obtained this data from CLAIMS 4 and from two other USCIS data systems of record to which I have access: the Reengineered Naturalization Case System

("RNACS") and the Central Index System ("CIS"). The data from these databases reflects the following:

10.     As of April 3, 2008, there were 63,930 naturalization applications in the New York District that had been pending for 180 days or more. Of these, 8,472 applications had been approved by a naturalization examiner, and these naturalization applicants were awaiting an oath ceremony. Accordingly, 55,458 had not yet received a determination by a USCIS naturalization examiner.

11.     As of April 3, 2008, of the 63,930 cases referred to in the prior paragraph, 2,235 were cases in which an individual with a pending naturalization application had been interviewed by a naturalization examiner 120 or more days earlier and the applicant resides in New York County, Bronx County, Westchester County, Rockland County, Putnam County, Orange County, Dutchess County, or Sullivan County. Of these, 158 applications had been approved by a naturalization examiner, and these naturalization applicants were awaiting an oath ceremony.

12.     As of June 17, 2008, of the 63,930 cases that had been pending 180 days or more as of April 3, 2008, a total of 47,089 remained pending. Of these 47,089 cases, 8,739 applicants had been approved and were awaiting an oath ceremony, and 38,350 had not yet received a determination by a USCIS naturalization examiner. In other words, as of June 17, 2008, USCIS had made determinations with respect to 17,108 applications of the 55,458 applications that had been pending without a determination for 180 days or more as of April 3, 2008.

13.     As of June 17, 2008, of the 2,235 individuals referred to in paragraph 11 above, 2,077 continued to have cases pending. Of these, 97 applications had been approved and were awaiting oath ceremonies, and 1,980 had not yet received a determination by a USCIS naturalization examiner.

3

*Methodology*

14.  The data contained in paragraphs 9 through 13 of this declaration was extracted on June 17, 2008, from a production instance of the CLAIMS 4 Oracle database, using Standard Oracle Procedural Language/Structured Query Language to develop the queries to conduct the extract operations, with additional data being extracted from RNACS and CIS. Defined data sets were extracted to flat text files and subsequently imported into Microsoft Access. All data values in the this Microsoft Access database are identical to those in the production instance of the CLAIMS 4 database as of the extract date, except that in one instance multiple fields of data in CLAIMS 4 were consolidated into a single field in the Microsoft Access database, and residential counties were corrected to correlate with residential zip codes. It is my understanding that counsel for defendants will produce a Microsoft Access database with relevant data to plaintiffs.

15.  In determining whether a case in the New York District had been pending 180 days as of April 3, 2008, I included applications that met each of the following parameters:

(a)  CLAIMS 4 indicated a Mail Room Received Date of October 6, 2007, or earlier;

(b)  CLAIMS 4's current zip code for the residence of the applicant is within one of the zip codes assigned by the United States Citizenship and Immigration Service to the counties constituting the New York District;

(c)  CLAIMS 4 did not indicate that the case was denied, administratively closed, or withdrawn before April 3, 2008;

(d)  CLAIMS 4 either contained no End Date for the application or the "End Date" was after April 3, 2008;

*Methodology*

14.  The data contained in paragraphs 9 through 13 of this declaration was extracted on June 17, 2008, from a production instance of the CLAIMS 4 Oracle database, using Standard Oracle Procedural Language/Structured Query Language to develop the queries to conduct the extract operations, with additional data being extracted from RNACS and CIS. Defined data sets were extracted to flat text files and subsequently imported into Microsoft Access. All data values in the this Microsoft Access database are identical to those in the production instance of the CLAIMS 4 database as of the extract date, except that in one instance multiple fields of data in CLAIMS 4 were consolidated into a single field in the Microsoft Access database, and residential counties were corrected to correlate with residential zip codes. It is my understanding that counsel for defendants will produce a Microsoft Access database with relevant data to plaintiffs.

15.  In determining whether a case in the New York District had been pending 180 days as of April 3, 2008, I included applications that met each of the following parameters:

(a)  CLAIMS 4 indicated a Mail Room Received Date of October 6, 2007, or earlier;

(b)  CLAIMS 4's current zip code for the residence of the applicant is within one of the zip codes assigned by the United States Citizenship and Immigration Service to the counties constituting the New York District;

(c)  CLAIMS 4 did not indicate that the case was denied, administratively closed, or withdrawn before April 3, 2008;

(d)  CLAIMS 4 either contained no End Date for the application or the "End Date" was after April 3, 2008;

(e) CLAIMS 4 either contained no Oath Ceremony Date for the application or the Oath Ceremony Date was after April 3, 2008;

(f) RNACS either contained no Naturalization Date for the application or the Naturalization Date was after April 3, 2008; and

(g) CIS either contained no Naturalization Date for the application or the Naturalization Date was after April 3, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    June 19, 2008
          McLean, Virginia

_____
DAVID J. KEEVIS