UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
VIRGINIA MILANES, *et al.*,  :
                                                         Plaintiffs,  :
                                                              ECF Case
                        v.  :
                                                             08 Civ. 2354 (LMM) (KNF)
MICHAEL CHERTOFF, *et al.*,  :
                                  Defendants.  :
------------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS IN PART AND REMAND IN PART,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

                                      MICHAEL J. GARCIA
                                      United States Attorney for the
                                      Southern District of New York
                                      86 Chambers Street, 3rd Floor
                                      New York, New York  10007
                                      Tel:  (212) 637-2722
                                      Fax:  (212) 637-2687

TOMOKO ONOZAWA
KIRTI VAIDYA REDDY
ROBERT WILLIAM YALEN
Assistant United States Attorneys
     – Of Counsel –

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      8 C.F.R. § 335.3 DOES NOT PROVIDE A BASIS FOR THE
           PROPOSED SUBCLASS'S APA SECTION 706(1) CLAIM . . . . . . . . . . . . . . . 2

           A.     No Jurisdiction Exists for the Proposed
                  Subclass's APA Section 706(1) Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

           B.     8 C.F.R. § 335.3 Does Not Create a Mandatory Duty . . . . . . . . . . . . . . . . 3

           C.     The Proposed Subclass's APA Section 706(1) Claim Is a Broad
                  Programmatic Attack on the Government's Decisions Concerning
                  How to Act on Naturalization Applications . . . . . . . . . . . . . . . . . . . . . . . 5

    II.     THE RECORD CONTAINS SIGNIFICANT EVIDENCE
           CONCERNING THE VALUE OF THE FBI NAME CHECK . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

*CASES:* *PAGES:*

*Ahmadi v. Chertoff,*
    No. C 07-03455 (WHA),2007 WL 3022573 (N.D. Cal. Oct. 15, 2007) . . . . . . . . . . . . . . 2

*Antonishin v. Keisler,*
    No. 06 Civ. 2518, 2007 WL 2788841 (N.D. Ill. Sept. 20, 2007) . . . . . . . . . . . . . . . . . . 2, 3

*Hani v. Gonzales*,
    No. 3:07-CV-517-S, 2008 WL 2026092 (W.D. Ky. May 8, 2008) . . . . . . . . . . . . . . . . . 3

*Lahrar v. USCIS,*
    485 F. Supp. 2d 705 (E.D. Va. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*New York City Employees' Retirement System v. S.E.C.,*
    45 F.3d 7 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Norton v. Southern Utah Wilderness Alliance,*
    542 U.S. 55 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Shalabi v. Gonzalez*,
    No. 1:07 CV 2274, 2007 WL 4322225 (N.D. Ohio Dec. 7, 2007) . . . . . . . . . . . . . . . . . . 3

*United States v. Yuzary,*
    55 F.3d 47 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*White v. Shalala,*
    7 F.3d 296 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*STATUTES:*

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5 U.S.C. § 706(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

8 U.S.C. § 1447(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

Department of Commerce, Justice, and State, the Judiciary,
    and Related Agencies Appropriations Act, 1998,
    Pub. L. No. 105-119, 111 Stat. 2440, 2448 (Nov. 26, 1997) . . . . . . . . . . . . . . . . . . . . . . 4

REGULATIONS:

8 C.F.R. § 335.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

OTHER:

Administrative Naturalization, 56 Fed. Reg. 50,475 (Oct. 7, 1991) . . . . . . . . . . . . . . . . . . . . . . . 4

Administrative Naturalization, 60 Fed. Reg. 6,647 (Feb. 3, 1995) . . . . . . . . . . . . . . . . . . . . . . . 4

## PRELIMINARY STATEMENT

Defendants ("defendants" or the "Government") respectfully submit this reply memorandum in further support of their motion to dismiss the complaint in part and to remand in part, or in the alternative, for summary judgment. As described in defendants' opening memorandum,[1] threshold legal grounds warrant dismissal, as a matter of law, of plaintiffs' claims brought pursuant to the Administrative Procedure Act ("APA") and the Due Process Clause. *See* Def. Mem. at 38-71. Further, to the extent that the Court does not deem threshold legal grounds to bar plaintiffs' APA claims of "unreasonable delay" or "unlawfully withheld" agency action, the undisputed evidence in the record requires the granting of summary judgment in favor of the Government on those claims. *See id.* at 48-60. In addition, with respect to plaintiffs' proposed subclass, plaintiffs are not entitled to the broad preliminary injunction they seek (*i.e.*, an order requiring adjudication of the applications of all subclass members by September 22, 2008, without regard to whether an FBI name check remains pending or other factors complicate the adjudication); rather, pursuant to 8 U.S.C. § 1447(b), the claims of the proposed subclass, to the extent that such a subclass is certified, should be remand to USCIS for further processing in due course after the receipt of any remaining response to the FBI name check. *See id.* at 60-62.

In this reply memorandum, the Government addresses only certain narrow issues as to which the need for a reply was identified at the July 15, 2008 argument.

---

[1] In this memorandum, defendants' memorandum of law dated June 19, 2008, will be referred to as "defendants' opening memorandum," and citations thereto will be in the form "Def. Mem. at __." Plaintiffs' memorandum of law dated July 9, 2008, will be referred to as "plaintiffs' opposition memorandum," and citations thereto will be in the form "Pl. Mem. at __." Additionally, this memorandum will use defined terms and abbreviations as set forth in defendants' opening memorandum.

## ARGUMENT

**I.  8 C.F.R. § 335.3 DOES NOT PROVIDE A BASIS FOR THE PROPOSED SUBCLASS'S APA SECTION 706(1) CLAIM**

As discussed at the July 15 argument, plaintiffs claim in part that 8 C.F.R. § 335.3 imposes a mandatory duty on USCIS to adjudicate the naturalization applications of the members of the proposed subclass within 120 days of their respective naturalization examinations, allegedly entitling the subclass to an order pursuant to the APA, 5 U.S.C. § 706(1), compelling immediate adjudication notwithstanding the pendency of any FBI name checks. *See* Pl. Mem. at 37-38. As described in the Government's opening memorandum, no claims of the proposed subclass are properly before the Court, because the only named plaintiff purporting to represent this proposed subclass has been naturalized and the proposed subclass itself should not be certified. *See* Def. Mem. at 76-85. To the extent, however, that the proposed subclass is certified, plaintiffs' argument that 8 C.F.R. § 335.3 supports an APA Section 706(1) claim for the proposed subclass should be rejected for several independently dispositive reasons.

    A.    No Jurisdiction Exists for the Proposed
            Subclass's APA Section 706(1) Claim

As explained in the Government's opening memorandum, no jurisdiction exists for the subclass to pursue relief under APA Section 706(1), because Congress has provided the subclass with an adequate alternative remedy pursuant to 8 U.S.C. § 1447(b). *See* Def. Mem. at 46-47; *see also* 5 U.S.C. § 702 (providing that there is no APA jurisdiction where "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought"); 5 U.S.C. § 704 (provides that APA jurisdiction is limited to cases where "there is no other adequate remedy in a

court"). Because Section 1447(b) is the alternative remedy chosen by Congress to apply to individuals in the situation of the members of proposed subclass, these individuals cannot resort to the generalized remedy of Section 706(1). *See Lahrar v. USCIS*, 485 F. Supp. 2d 705, 708 (E.D. Va. 2007) (holding that no APA jurisdiction exists in light of Section 1447(b)); *Antonishin v. Keisler*, No. 06 Civ. 2518, 2007 WL 2788841, at *5 (N.D. Ill. Sept. 20, 2007) (same); *Ahmadi v. Chertoff*, No. C 07-03455 (WHA), 2007 WL 3022573, at * 6-*7 (N.D. Cal. Oct. 15, 2007) (same). Thus, regardless of whether 8 C.F.R. § 335.3 creates a mandatory duty that would, under other circumstances, suffice to support an action for injunctive relief pursuant to APA Section 706(1), the relief, if any, to which the members of the proposed subclass are entitled is limited to such relief as may be appropriate pursuant to Section 1447(b).[2]

---

[2] As explained in defendants' opening memorandum, if the Court certifies the proposed subclass, the appropriate remedy pursuant to Section 1447(b) is an order remanding the proposed subclass's applications to USCIS for processing in due course upon receipt of any outstanding FBI name checks. *See* Def. Mem. at 60-62; *see also Hani v. Gonzales*, No. 3:07-CV-517-S, 2008 WL 2026092, at *2 (W.D. Ky. May 8, 2008) (remanding Section 1447(b) claims with instructions to adjudicate "as expeditiously as practical once the results of their background checks are received"); *Shalabi v. Gonzalez*, No. 1:07 CV 2274, 2007 WL 4322225, at *5-*6 (N.D. Ohio Dec. 7, 2007) (remanding Section 1447(b) claims "with instructions to make a determination as expeditiously as possible" after receiving an FBI name check response); *Antonishin*, 2007 WL 2788841, at *4 (remanding Section 1447(b) claims and "declin[ing] to impose any particular deadline" for adjudicating those claims).

B.      8 C.F.R. § 335.3 Does Not Create a Mandatory Duty

In any event, 8 C.F.R. § 335.3 does not create a mandatory duty actionable in the circumstances of this case pursuant to APA Section 706(1), as that section has been interpreted by the Supreme Court in *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004). Although in *Norton* the Supreme Court noted, in some cases, a mandatory duty may be found not only in statutes but also in regulations, the Supreme Court has explicitly limited the class of regulations capable of creating such a mandatory duty to "agency regulations that have the *force of law*." *Norton*, 542 U.S. at 65 (emphasis added). Rules with the "force of law" are only those that are "legislative" rules, in contrast to "interpretive" rules or general statements of agency policy. *See New York City Employees' Retirement System v. S.E.C.,* 45 F.3d 7, 12 (2d Cir. 1995); *United States v. Yuzary*, 55 F.3d 47, 51 (2d Cir. 1995) (same); *see generally* 1 Richard J. Pierce, Jr., Administrative Law Treatise, § 6.4 (4th ed. 2002). As described at length in the Government's opening memorandum with regard to plaintiffs' notice-and-comment claim, *see* Def. Mem. at 62-69, a rule is "legislative" only if it creates "extra-statutory . . . rights, duties or obligations" on naturalization applicants, *see White v. Shalala*, 7 F.3d 296, 304 (2d Cir. 1993). Here, 8 C.F.R. § 335.3 does not impose any extra-statutory rights, duties, or obligations on naturalization applicants, but simply is a statement of how a "Service officer," 8 C.F.R. § 335.3, should act on applications as a matter of internal procedures. Thus, the regulation is not a "legislative rule," and therefore lacks the force of law required for the creation of a mandatory duty pursuant to APA Section 706(1).

In any event, to the extent that 8 C.F.R. § 335.3 is read to impose a mandatory duty to adjudicate a naturalization application within 120 days of an applicant's examination without

regard to the pendency of an FBI name check, the regulation and the claimed mandatory duty have been superseded by subsequent legislation. In 1997, Congress enacted a legislative mandate that USCIS obtain a "full criminal background check" before adjudication of any naturalization application. *See* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, 111 Stat. 2440, 2448-49 (Nov. 26, 1997). Congress understood this statute to require that the agency receive responses to both an FBI name check and an FBI fingerprint check prior to deciding an application. *See* H.R. Rep. No. 105-405, at 106 (1997) (Conf. Rep.); Def. Mem. at 15-16. Because 8 C.F.R. § 335.3 had been adopted years earlier, as an interim rule in 1991 and a final rule in 1995, *see* Administrative Naturalization, 56 Fed. Reg. 50,475, at 50,479 (Oct. 7, 1991); Administrative Naturalization, 60 Fed. Reg. 6,647, at 6,650 (Feb. 3, 1995), Congress's subsequent enactment of the statutory "full criminal background check" requirement superseded and invalidated 8 C.F.R. § 335.3 to the extent that it is construed to prohibit USCIS from waiting for a definitive FBI name check response before adjudicating an application. Accordingly, no mandatory duty supporting an APA Section 706(1) claim exists for any members of the proposed subclass whose application processing times have resulted from currently or previously pending FBI name checks.

      C.      The Proposed Subclass's APA Section 706(1) Claim Is a Broad Programmatic Attack on the Government's Decisions Concerning <u>How to Act on Naturalization Applications</u>

Even if 8 C.F.R. § 335.3 created a mandatory duty to adjudicate a naturalization application within 120 days of an examination notwithstanding the pendency of an FBI name check, the proposed subclass's APA Section 706(1) claim would nevertheless fail because it is a "broad programmatic attack" on (a) the balance set by the political branches between efficiency

and security through the FBI name check policy and (b) the allocation of resources set by the political branches in the face of the unprecedented surge of applications in 2007. *See Norton*, 542 U.S. at 61 (holding that APA Section 706(1) did not permit a "broad programmatic attack" on agency policy); Def. Mem. 39-40. As such, the proposed subclass's claims should be dismissed.

Further, the proposed subclass's APA Section 706(1) claim would also fail because it does not, in fact, challenge a failure to act, but instead challenge *how* the Government has chosen to act. *See Norton*, 542 U.S. at 64; Def. Mem. at 40. Indeed, the evidence shows unequivocally that USCIS and FBI are acting on the naturalization applications of the proposed subclass, as well as the broader proposed class. Of the group of approximately 55,000 applications that according to USCIS data had been pending six or more months as of April 3, 2008, more than 25,000 have now been adjudicated; and of the subgroup of approximately 2,200 applications pending without a decision for 120 days subsequent to an interview as of April 3, 2008, more than 300 have been adjudicated. *See* Supplemental Declaration of David J. Keevis ("Supp. Keevis Decl."), dated July 17, 2008, ¶ 17. The number of pending FBI name checks for the 55,000 person group has declined over the same period from approximately 7,323 to approximately 3,227. *See id.* ¶ 18 & Ex. A. The number of pending FBI name checks for the 2,200 person subgroup has declined to 36. *See id.* ¶ 20 & Ex. A.

Among the many applications decided since plaintiffs filed this suit are the applications of five of the six named plaintiffs, including the sole representative of the proposed subclass. *See* Keevis Supp. Decl. ¶¶ 4, 6; Declaration of David. J. Keevis ("First Keevis Decl."), dated June 19, 2008, ¶¶ 3-8. These five have all been naturalized. *See* Keevis Supp. Decl. ¶¶ 4, 6;

Declaration of David. J. Keevis ("First Keevis Decl."), dated June 19, 2008, ¶¶ 3-8. The sixth named plaintiff's name check has been completed, and she has been scheduled for a naturalization examination in August. *See* Keevis Supp. Decl. ¶ 5; First Keevis Decl. ¶ 6.

Moreover, in addition to the Government's deciding of applications, the record demonstrates that the Government is acting, rather than failing to act, by addressing overarching processes and procedures contributing to lengthier processing times. As discussed in the Government's opening memorandum, the administrative record reflects the detailed measures taken by USCIS and FBI, with the approval of Congress, to reduce processing times. *See* CIS006307-24[3] (Business Plan); CIS004660-80 (Surge Plan); CIS6408-11(Spend Plan); Def. Mem. at 23-32. Should the Court deem it appropriate to consider evidence beyond the administrative record, the progress the Government has been making in reducing processing times for FBI name checks and naturalization applications is confirmed by the testimony of the Government's Rule 30(b)(6) witnesses. *See* Declaration of Kirti Vaidya Reddy ("Reddy Decl."), dated July 18, 2008, Ex. A (Deposition of Michael Aytes ("Aytes Dep.") at 101:16-102:14; 143:8-14); *id.* Ex. B (Deposition of Michael Cannon ("Cannon Dep.") at 52:12-14; 54:4-55:17); *id.* Ex. C (Deposition of Gregory Smith ("Smith Dep.") at 29:18-30:6; 33:4-6).

Although plaintiffs have submitted the declarations of two former agency employees, one who express skepticism that the efforts currently underway will succeed, *see* Declaration of William Yates ("Yates Decl."), dated July 8, 2008, ¶ 17, and one who criticizes what he refers to as the "current system," Declaration of Prakash Khatri, dated July 8, 2008, ¶ 14, those

---

[3] Citations to documents with Bates numbers beginning with the "CIS" prefix refer to documents in the USCIS administrative records, including the supplemental administrative record dated July 8, 2008, which have been filed with the Court.

declarations should be rejected as not based on personal knowledge. *See* Fed. R. Civ. P. 56(e)(1) (requiring summary judgment affidavits to be "made on personal knowledge"). Neither of these individuals has been employed by the Government subsequent to the adoption of the FBI's business plan, and one of the two has not been a Government employee since 2005. *See* Reddy Decl. Ex. D (Deposition of Prakash Khatri ("Khatri Dep.") at 78:3-11); Yates Decl. at ¶ 1

## II. THE RECORD CONTAINS SIGNIFICANT EVIDENCE CONCERNING THE VALUE OF THE FBI NAME CHECK

As described above and in the Government's opening memorandum, Section 706(1) of the APA does not authorize the type of broad programmatic attack that would allow this Court to disregard the policy judgment of the political branches that the FBI name check is sufficiently valuable to justify the effect it has had on naturalization processing times. Because plaintiffs' opposition memorandum, however, is largely premised on plaintiffs' own policy view that any increase in processing times associated with the FBI name check outweighs any benefit it provides and because plaintiffs fail to take into account significant evidence showing the value of the name check, the Government brings the following record evidence to the Court's attention.

The administrative records in this case contain five reports prepared by USCIS regarding certain cases with information obtained through the FBI name check process. *See* CIS004401-12; CIS004413; CIS006399-402; CIS006407; CIS006416-17. Each of these analyses indicated that in a significant portion of cases, the FBI name check positive response contained information not duplicated by other sources. *See* CIS004401-12; CIS004413; CIS006399-402; CIS006407; CIS006416-17; *see also* Smith Dep. at 121:7-15 (testimony of Gregory Smith, Associate Director of USCIS's National Security and Records Verification Directorate and the

designated Rule 30(b)(6) witness on the issue of the value of the FBI name check to USCIS). Plaintiffs in their memorandum address only two of these analyses, and only in a footnote explaining that plaintiffs dispute their methodology. *See* Pl. Mem. at 12. But what cannot be disputed is that these studies – all five, and not simply the two referred to by plaintiffs – constitute evidence that the agency's decision was reasonable.

## CONCLUSION

For the foregoing reasons and all the reasons stated in the Government's opening memorandum, the Government respectfully requests that the Court grant its motion to dismiss in part and to remand in part or, in the alternative, for summary judgment.

Dated:      July 18, 2008
            New York, New York

                                Respectfully submitted,

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York

                        By:     /s/ Robert William Yalen
                                TOMOKO ONOZAWA
                                KIRTI VAIDYA REDDY
                                ROBERT WILLIAM YALEN
                                Assistant United States Attorneys
                                86 Chambers Street
                                New York, New York  10007
                                Tel.:  (212) 637-2721 (Onozawa)
                                Tel.:  (212) 637-2751 (Reddy)
                                Tel.:  (212) 637-2722 (Yalen)
                                Fax:  (212) 637-2687
                                E-mail:  kirti.reddy@usdoj.gov
                                E-mail:  robert.yalen@usdoj.gov
                                E-mail:  tomoko.onozawa@usdoj.gov