UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VIRGINIA MILANES, OMAR MIGUEL FARFAN,
MANUEL ALBERTO MARTINEZ, ANDRES
GIOVANNY SANCHEZ, NANCY CASTRO, and
MARGOTH PEREZ DE CHALAMPA, on behalf of
themselves and all other similarly situated individuals,

                         Plaintiffs,

     -against-

MICHAEL CHERTOFF, in his official capacity as
Secretary of the Department of Homeland Security,
EMILIO GONZALEZ, in his official capacity as
Director of the United States Citizenship and
Immigration Services, ANDREA QUARANTILLO,
in her official capacity as District Director of the
New York City District of the United States
Citizenship and Immigration Services,
MICHAEL B. MUKASEY, in his official capacity as
Attorney General of the United States, and
ROBERT S. MUELLER, III, in his official capacity as
Director of the Federal Bureau of Investigation,

                         Defendants.
------------------------------------------------------------------X

08 CV 2354

(ECF CASE)

### DECLARATION OF FOSTER S. MAER
### IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY
### RELIEF, CLASS CERTIFICATION, AND EXPEDITED DISCOVERY

I, FOSTER S. MAER, declare and state as follows:

1. I am an attorney with the Puerto Rican Legal Defense and Education Fund ("PRLDEF"), co-counsel for Plaintiffs. I submit this declaration in support of Plaintiffs' motions for preliminary relief, class certification, and expedited discovery.

2. Plaintiffs have each submitted complete applications for naturalization to the United States Citizenship and Immigration Services ("USCIS"), some as long as three

years ago. Having been lawful permanent residents in the United States for the past five years, they are all eligible to apply for citizenship. Plaintiffs believe they satisfy the statutory eligibility requirements for naturalization. Plaintiffs are eager to become citizens of this country and want to enjoy the significant rights, privileges and advantages that come with American citizenship.

3. Until they are naturalized, Plaintiffs are unable to obtain certain jobs and benefits, to sponsor immediate relatives for lawful permanent residency, or travel freely. For example:

   a. Plaintiff Omar Miguel Farfan, a decorated veteran of the United States Navy, has been waiting three years for USCIS to act on his application so he can get the job he wants with the federal government.

   b. Plaintiff Andres Giovanny Sanchez has been waiting to file an immediate relative petition for his wife and child.

   c. Plaintiff Virginia Milanes, fearful of missing the notice for her naturalization interview, has missed the funerals of several close family members who lived abroad.

4. All of the Plaintiffs are being deprived of the fundamental right to vote while USCIS delays final approval of their applications. Of particular concern, Plaintiffs will be denied the opportunity to vote in this year's elections, unless this Court orders USCIS to act upon their applications before September 22, 2008, in time to allow them to register for this year's elections.

5. Like many of their fellow lawful permanent residents who seek to become citizens, Plaintiffs care deeply about the important issues being debated this year on the

2

national and local electoral stage, including, but not limited to, those surrounding immigration and immigration reform. Strongly motivated by these concerns, hundreds of thousands of lawful permanent residents have applied for naturalization in the last two years.

6. Their path to citizenship has been blocked by USCIS' failure to review and act upon their applications in a timely manner. Naturalization applications are currently not acted upon and, as of January 2008, were stalled for eighteen months on average, and over four years in some instances.

7. Because of USCIS' tremendous delays in processing their applications, Plaintiffs and fellow class members, applicants with cases pending at the New York District Office for more 180 days, are at substantial risk of being denied the opportunity to vote this year and of continuing to be denied the other rights, privileges, and advantages they would otherwise be enjoying. At least 100,000 applicants are estimated to have cases currently pending at the New York District Office.

8. Plaintiffs have initiated this motion for preliminary relief, class certification, and expedited discovery by order to show cause to ensure their naturalization applications are acted upon in time for them to be able to register and vote this year. The proposed class consists of all naturalization applicants who are serviced by USCIS' New York City District Office and whose applications have been pending for more than 180 days.

9. Specifically, Plaintiffs seek an order that their applications, and those of other class members, be adjudicated in time to register by the deadline established under New York law for the November 2008 elections.

10. A significant portion of the discovery sought by Plaintiffs can be produced immediately and without imposing any burden on Defendants, by making available to Plaintiffs the discovery obtained by one of Plaintiffs' co-counsel, NYLAG, from Defendants in a case in the Eastern District of New York, <u>Yakubova v.Chertoff</u>, 06 Civ. 3203 (E.D.N.Y. filed June 28, 2006). Plaintiffs in <u>Yakubova</u> are also challenging delays in USCIS processing of naturalization applications, for a proposed class of residents of the Eastern District of New York who have been waiting for adjudication of their naturalization applications more than 120 days since their naturalization examinations and over 180 days since their applications were submitted. At Defendants' request, some of this discovery is subject to a confidentiality order. Plaintiffs' counsel have requested that they be permitted access to and use of the discovery designated confidential in <u>Yakubova</u>, and Defendants' counsel have denied the request. All Plaintiffs' counsel in the instant action are willing to abide by the terms of that confidentiality order.

11. Plaintiffs have not asked for the above relief from this or any other court other than as described above.

12. On April 2, 2008, I communicated by telephone with Kirti Vaidya Reddy and Robert Yalen, Assistant United States Attorneys in the Office of the United States Attorney for the Southern District of New York, to inform them of our intention to seek an order to show cause on Thursday morning, April 3, 2008, and of our intention to seek access to and use of the discovery designated confidential in <u>Yakubova</u>. AUSAs Reddy and Yalen stated that they would be available to appear in court on short notice at whatever time the Court requested. As of 9pm on April 2, the papers accompanying

Plaintiffs' instant motions had not yet been finalized, but will have been emailed to AUSAs Reddy and Yalen prior to the time of filing on April 3, 2008.

I declare under pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of April 2008 in New York, New York

Foster S. Maer, Esq.